

**SIGNED THIS 31st day of October, 2023**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

IN RE: Daniel W Blanks                                              CHAPTER 13
       Glenda K Blanks                                           CASE NO. 21-60347
       Debtor(s)

**CONSENT ORDER** [*Check all that apply*:]

☐  **AMENDING PLAN TO EXTEND PLAN PAYMENTS**
X  **AMENDING PLAN TO ALTER PLAN PAYMENTS**
☐  **CLARIFYING PLAN TERMS**
X  **RESOLVING TRUSTEE'S MOTION TO DISMISS**
X  **ADDITIONAL ATTORNEY FEES TO BE PAID BY THE TRUSTEE**

    1.    The Chapter 13 Trustee filed a motion in the above-named Debtor's case requesting the relief set forth above.

    2.    It appears to the Court that:

        A.  The Debtors filed this bankruptcy case on **March 26, 2021.**

        B.  The Debtors' Chapter 13 Plan was last confirmed on **June 4, 2021** ("the most recently confirmed Plan").

        C. Due to changed circumstances, the Debtors have proposed an extension of plan payments, an increase in the amount of the monthly plan payments, or a clarification of Plan

1

terms that will allow them to successfully complete their Plan. The specific reason for these changes is: [*Check and complete either sub-paragraph 1. or 2., or both, whichever applies*]:

     **X** 1. **To cure a default in Plan payments**

        2. Other: _____

D. After reviewing the proposed changes, the Chapter 13 Trustee has advised the Court that these changes will have at most a *de minimis* impact on creditors receiving distributions under the Plan, and will not result in a reduction in the total amount to be paid to any allowed unsecured claim under the Plan. "De minimis impact" means either that (i) the Plan has been extended by three months or less and the total amount being paid to each allowed unsecured claim has remained the same or increased slightly, or (ii) the Plan has been extended by six months or less and the total amount being paid to each allowed unsecured claim has been increased by at least five per cent.

E. The Trustee has recommended that the Court approve such changes without notice to creditors.

3. Upon consideration of the facts presented in the Debtors' or the Trustee's motion, it is hereby **Ordered** that the Debtor's Chapter 13 plan payment schedule is changed as follows: [*Check and complete either paragraph A. or B., whichever applies.*]

☐ A. **Length of plan remains the same and the total amount of plan payments does not decrease:**
    (1) According to the Trustee's Receipt records, the Trustee has received **$**_____ from the Debtors as of _____, 20___.
    (2) The total amount of Plan payments due under the most recently confirmed order resolving was **$**_____. The new total of Plan payments will be **$**_____.
    (3) Plan payments will be changed to **$**_____ per _____ beginning _____, 20___, for the remaining _____ months of the most recently confirmed order resolving until (i) the total of plan payments set forth above is received, or (ii) all claims are paid 100%, whichever occurs first.

**X** B. **Length of plan is being changed and/or the total amount of plan payments is being changed:**
    (1) According to the Trustee's Receipt records, the Trustee has received ***$15,738.00 as of October 16, 2023.***
    (2) The total amount of Plan payments due under the most recently **confirmed plan** was ***$36,000.00.*** The new total of plan payments will be **$36,388.50**; attorney fees of $388.50 plus Trustee's commission.
    (3) The total number of Plan payments under the most recent confirmed plan was ***60*** months. The total number of Plan payments after this change will be **60 months.**
    (4) Plan payments will be **$712.08** for approximately **29** months beginning ***November 7, 2023***, until (i) the new total of plan payments set forth above is received, or (ii) all claims are paid 100%, whichever occurs first.

*For resolving the matters herein the Debtor's attorney is hereby awarded additional attorney fees of $350.00, which shall be paid by the Trustee.*

    C.   [*If applicable*:] **The following provisions of the most recently confirmed Plan are clarified as follows**: _____
_____.

    D.  If this Order is being filed in response to the Trustee's motion to dismiss the case because of a default in Plan payments, then:

If the Trustee fails to receive any payment set forth above within thirty days of its due date, the Trustee may certify the failure to comply, and upon the Trustee's certification, the case will be dismissed if debtor fails to respond within 21 days.

    E.  Counsel for Debtors shall:

    1.  Serve this Order upon the Debtors; and

    2.  If the Debtors' Plan payments are being made by automatic wage deduction from an employer and this Order changes the payment amount or duration of the existing wage deduction Order, file with the Court an amended wage deduction Order within fourteen days.

By endorsement of this order, Debtor(s)' counsel certifies that the specific terms of this order have been reviewed either by personal contact, by telephone, or by electronic communication with the debtor(s), and that the debtor(s) have indicated that they understand the terms of this order.

**END OF ORDER**

We asked for this:
Daniel W Blanks
Glenda K Blanks
/s/ Stephen E. Dunn, Esq.
Attorney for the Debtor

Stephen E. Dunn, Esq., VSB No. 26355
Michelle J. Dunn, Esq., VSB No. 90687
Stephen E. Dunn, PLLC
201 Enterprise Dr., Suite A
Forest, Va. 24551
Phone: 434-385-4850
Email: stephen@stephendunn-pllc.com
      michelle@stphendunn-pllc.com

Seen and not objected to:

/s/ Angela M. Scolforo
Angela M. Scolforo, Chapter 13 Trustee
VSB # 42574
P.O. Box 2103, Charlottesville VA 22902
Tel: (434) 817-9913, ext. 110
E-mail: AScolforo@cvillech13.net